COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


JOVARRAI BLANDING, S/K/A
 JOVARRAI UZEL BLANDING
                                    MEMORANDUM OPINION* BY
v.    Record No. 2895-98-2            JUDGE RICHARD S. BRAY
                                        FEBRUARY 1, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                    Robert G. O'Hara, Jr., Judge

            (Stephen L. Hewlett, on brief), for
            appellant.  Appellant submitting on brief.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Jovarrai Blanding (defendant) was convicted, in a bench

trial, of possession of cocaine with intent to distribute.  On

appeal, he complains that the trial court erroneously denied his

motion to suppress the drugs and related evidence.  Finding no

error, we affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     "In reviewing a trial court's denial of a motion to suppress,

'the burden is upon the defendant to show that the ruling, when

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). "[W]e review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999) (citation omitted). "In performing such [an] analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)).

Incidental to the lawful stop of an automobile, Officer Isaac Hawkins undertook a "pat down" search of defendant, a passenger in the vehicle.[1]  When Hawkins "patted [defendant's] right front pants pocket," he detected "a loose baggy, or piece of plastic that had a hard-felt substance to it," which he "took . . . as believing, through . . . previous-related action, . . . same type of feel, touch, . . . as being . . . cocaine." Hawkins immediately advised defendant that he was "under

---

[1] Defendant does not challenge the propriety of the pat-down.

-

arrest," handcuffed him after a brief struggle, and removed the offending cocaine from his pocket.

Defendant contends on appeal that, once the pat-down confirmed he was unarmed, Hawkins' continued search of his person violated the Fourth Amendment. Defendant's argument, however, is belied by the record and contrary to prevailing jurisprudence.

In Minnesota v. Dickerson, 508 U.S. 366 (1993), the United States Supreme Court instructed:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.

Id. at 375-76; see also Welshman v. Commonwealth, 28 Va. App. 20, 34-35, 502 S.E.2d 122, 129 (1998). "The Court has made clear, however, that where the character of the item detected is not immediately apparent . . .[,] [t]he officer may not engage in 'squeezing,' 'sliding' or 'otherwise manipulating' the item once he has concluded it is not a weapon." Hayes, 29 Va. App. at 660, 514 S.E.2d at 363 (quoting Dickerson, 508 U.S. at 377-78).

The instant record establishes that Hawkins, while conducting a lawful pat-down of defendant, immediately identified a substance in his pocket as cocaine, resulting in

-

probable cause to arrest and search defendant.  Nothing suggests that the officer's conclusion was aided by squeezing or otherwise manipulating the object from outside defendant's trousers.  Thus, the discovery and subsequent seizure of the cocaine comported with the Fourth Amendment, and the court properly declined to suppress the evidence.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>